RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0206-MR

CPL. MARY GLADDEN AND
FRATERNAL ORDER OF POLICE,
TOWN BRANCH LODGE #83                                        APPELLANTS

v.              APPEAL FROM FAYETTE CIRCUIT COURT
                HONORABLE THOMAS L. TRAVIS, JUDGE
                ACTION NO. 20-CI-01440

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Corporal Mary Gladden and the Fraternal Order of

Police, Town Branch Lodge #83 ("Appellants") appeal from an order of the

Fayette Circuit Court denying their motion for summary judgment and granting

summary judgment in favor of the Lexington-Fayette Urban County Government

("Appellee" or "LFUCG"). Appellants argue that 1) Appellee violated Article 11

of the Collective Bargaining Agreement ("CBA"); 2) a "grievable" controversy existed; 3) the circuit court erred when it examined the substantive merits of the grievance; and 4) Appellee waived any right to challenge the remedies identified in the Grievance Report Form.  Appellants request an opinion vacating the order on appeal, with a remand to the circuit court and instructions to enter summary judgment in their favor.  After careful review, and for the reasons stated below, we conclude that Appellants are entitled to summary judgment and that summary judgment was  improperly rendered in favor of Appellee.  Accordingly, we reverse the order on appeal and remand the matter to the Fayette Circuit Court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Corporal Mary Gladden is employed by the Fayette County Detention Center in Fayette County, Kentucky.  She is a member of Fraternal Order of Police, Town Branch Lodge #83.  On March 11, 2020, she received a Notice of Formal Interview from Internal Affairs Investigator Captain Randy Jones.  The notice informed Corporal Gladden that she was being investigated on the possible charge of improperly disclosing to an inmate that a "shakedown search" was going to be conducted in another unit.

On March 12, 2020, Gladden appeared for an investigatory interview with her union representative, and requested that the representative be present

during the interview. Captain Jones denied the request and Gladden proceeded with the interview without a union representative.

After the interview, the matter concluded with no disciplinary action taken against Gladden. Believing that Gladden was entitled to a union representative during the investigatory interview, the union filed a grievance on March 20, 2020, demanding that Appellee 1) issue no discipline against Gladden; 2) destroy all evidence obtained from the interview; 3) cease any further interference with employees' *Weingarten*[1] rights; 4) amend Operational Order 3.1-2 and the Notice of Formal Interview to recognize *Weingarten* rights; and 5) pay costs and attorney fees.

Major Lisa Farmer, a detention center manager, acknowledged receipt of the grievance, but did not otherwise respond to the communication. This resulted in the union sending correspondence to Director Steve Haney informing him that pursuant to Article 11, Section 2 of the CBA, Major Farmer's failure to respond within 10 days resulted in satisfaction of the grievance in favor of Appellants. On April 28, 2020, Director Haney responded that the alleged violation of Gladden's rights were not "grievances" per the CBA.

---

[1] Per the United States Supreme Court's decision in *National Labor Relations Board v. J. Weingarten, Inc.*, 420 U.S. 251, 95 S. Ct. 959, 43 L. Ed. 2d 171 (1975), an employee may have a right to a union representative at an investigatory interview if the employee reasonably believes the interview may result in disciplinary action.

-3-

On May 8, 2020, Appellants filed the instant action in Fayette Circuit Court alleging that Appellee violated the CBA by failing to meet and discuss the grievance with a union representative within 10 days after the filing of the grievance. They asserted that per CBA Article 11, Section 2, the failure of the Major Farmer to schedule a meeting within 10 days of the filing of the grievance resulted in satisfaction of the grievance in favor of Appellants. They argued that Appellee did not acknowledge the grievance, and its failure to grant all remedies set forth in the Grievance Report Form constituted a violation of the CBA.

Thereafter, the parties filed competing motions for summary judgment. On November 19, 2021, the Fayette Circuit Court entered an order granting Appellee's motion for summary judgment and denying Appellants' motion. In support of the order, the circuit court found that the CBA does not provide the union and its members with the right to representation during disciplinary investigations. The court also determined that state law does not recognize the application of *Weingarten* rights to grievance proceedings between the Appellants and Appellee, and the interpretation of state law renders the matter not grievable under the CBA. This appeal followed.

**STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants first argue that the circuit court committed reversible error in failing to hold that the grievance was satisfied in favor of Appellants when Major Farmer failed to respond to the grievance within 10 days of submission. The grievance having been satisfied by the failure to respond, Appellants claim entitlement to all remedies sought in the Grievance Report Form. They contend

that the CBA is first and foremost a contract between Appellants and Appellee, which must be interpreted according to ordinary principles of contract law. Appellants argue that the CBA is not ambiguous and must be strictly enforced according to its terms. They direct our attention to Article 11, Section 2 of the CBA, which states,

> The grievance shall, within ten (10) calendar days of the grieved event, be presented to his or her Bureau Manager [(Major Farmer)] or the designated commander by personal delivery with a signature acknowledging receipt, who shall meet and discuss the grievance with the Lodge Representative within ten (10) calendar days after the date presented. The Bureau Manager or the designated commander shall give a written answer documenting the result of the meeting to the Lodge Representative within ten (10) calendar days following the meeting. . . . If the Bureau Manager fails to schedule a meeting within ten (10) calendar days or fails to issue a written response within ten (10) calendar days of the meeting, the grievance shall be considered satisfied in favor of the grievant.

Appellants assert, and Appellee so acknowledges, that Major Farmer failed to meet with a union representative within 10 calendar days to discuss the grievance. It is on this basis that Appellants argue that the grievance was satisfied in favor of Gladden and that the circuit court erred in failing to so rule. They argue that the circuit court overreached its authority by ruling on the merits of the grievance, when the only issue before it was whether Appellee's noncompliance with the 10 day rule resulted in satisfaction in favor of Appellants.

-6-

In disposing of Appellants' complaint by way of summary judgment, the Fayette Circuit Court determined that Appellants' underlying grievance was not a true "grievance" per the CBA, because the CBA did not expressly grant to Gladden the right to have union representation present at the investigatory hearing. The court made this determination based on Article 11, Section 1 of the CBA, which defines a grievance as "a difference or dispute between a member and LFUCG regarding the meaning, interpretation or application of the express terms of this Agreement or a disciplinary action." The court concluded that because the CBA did not expressly provide for union representation at a disciplinary hearing, Appellants' dispute was not a "grievance" per the CBA, and was therefore not subject to the administrative procedure set out in the CBA. As such, the court determined that the failure of Major Farmer to respond to the grievance within 10 days of its submission did not run afoul of the CBA, and was not sufficient to sustain a cause of action in the circuit court.

The primary question for our consideration is whether the dispute raised by Gladden on March 20, 2020, constitutes a "grievance" as defined by Article 11, Section 1 of the CBA, thus implicating the administrative procedure set out in the agreement. We must answer this question in the affirmative.

In concluding that Gladden's dispute was not a proper "grievance" per Article 11, Section 1, the circuit court examined the merits of the grievance and

found it to be unsupported by the CBA. It found that there was no particular or express language in the CBA supporting Gladden's claim. We have held, however, that,

> The courts . . . have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The [collective bargaining] agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.

*United Brick and Clay Workers of America, Local No. 486 v. Lee Clay Products Co., Inc.*, 488 S.W.2d 331, 334 (Ky. 1972). Even frivolous claims are subject to the terms of the agreement. *Id.*[2]

Gladden's grievance was submitted on a Grievance Report Form to Major Farmer per the terms of the CBA. The subject matter of the grievance, *i.e.*, her claim of entitlement to union representation, is the core principle underlying the CBA. Lodge #83 is the "exclusive representative" of Gladden, Kentucky Revised Statutes ("KRS") 67A.6901(4), and "exists for the primary purpose of dealing with [Appellee] concerning grievances, labor disputes, wages, rate of pay, hours of employment, or conditions of employment[.]" KRS 67A.6901(7). We conclude that Gladden's grievance falls within the broad scope of the CBA, as her

---

[2] *United Brick and Clay Workers of America* addresses grievances in the context of arbitration. The principles it articulates are applicable herein, however, as the review process set out in the CBA includes both administrative review by the employer and advisory arbitration.

grievance seeking union representation is at the heart of why the CBA exists. As such, it is properly a "grievance" per Article 11, Section 1 of the CBA. *Arguendo*, even if her grievance is wholly lacking merit,[3] it is nevertheless still subject to the administrative process to which the parties have agreed. *United Brick and Clay Workers of America*, *supra*. The parties, through the CBA, agreed to an administrative procedure to address all grievances, not merely meritorious grievances.

Appellants argue that Major Farmer's failure to respond to the grievance within 10 days resulted in the grievance being satisfied in her favor per Article 11, Section 2. It states,

> If the Bureau Manager fails to schedule a meeting within ten (10) calendar days or fails to issue a written response within ten (10) calendar days of the meeting, the grievance shall be considered satisfied in favor of the grievant.

Director Haney acknowledged, and the circuit court so found, that Major Farmer did not schedule a meeting within 10 days of the grievance. Director Haney further acknowledged that per Article 11, Section 2, the failure to respond within 10 days results in the grievance being satisfied in favor of the employee. Article 11, Section 2 is not ambiguous as to the consequences of the Bureau Manager's

---

[3] Nothing in this opinion should be construed as addressing the underlying merits of Gladden's grievance, *i.e.*, whether she was entitled to union representation at the investigatory interview.

failure to respond. This language was freely entered into by the parties in the collective bargaining process. We conclude that Major Farmer's failure to schedule a meeting within 10 days of the filing of the grievance results in the grievance being satisfied in favor of Gladden.

Appellee states that subsequent to the filing of this action, the parties entered into a new CBA which expressly provides for union representation in investigatory interviews. It argues that since a new agreement is now in place, any remedies denied or granted under the previous contract are no longer in effect because the new agreement is controlling. It contends that the adoption of the new CBA renders the matter before us moot.

As noted above, Appellants' grievance requested that Appellee 1) issue no discipline against Gladden; 2) destroy all evidence obtained from the interview; 3) cease any further interference with employees' *Weingarten* rights; 4) amend Operational Order 3.1-2 and the Notice of Formal Interview to recognize *Weingarten* rights; and 5) pay costs and attorney fees. As to the first request, Appellee issued no discipline against Gladden, and any future action will be governed by the new CBA. This renders Gladden's first request moot. The requests to cease further interference with *Weingarten* rights and to amend the Operational Order were also subsumed in the new CBA, which was amended to expressly include the union representation Gladden sought during the investigatory

interview. Thus, requests nos. 1, 3, and 4 are rendered moot by the adoption of the new CBA.

Gladden's request for the destruction of all evidence obtained during the interview and her request for costs and attorney fees, however, were not remedied by the new CBA. Accordingly, the matter before us is not moot as it relates to those requests.

**<u>CONCLUSION</u>**

Gladden submitted a grievance in accordance with the procedure set out in the CBA. Though we render no opinion as to the merits of Gladden's grievance, it asserted a right to representation of the type generally encompassed by the CBA. We conclude therefrom that it was a grievance as defined by Article 11, Section 1 of the CBA, *i.e.*, "a difference or dispute between a member and LFUCG regarding the meaning interpretation or application of the express terms of this Agreement or a disciplinary action." All grievances – meritorious or not – require a response from the Bureau Manager within 10 days. Major Farmer's failure to respond within 10 days resulted in the grievance being satisfied in favor of Gladden.

Accordingly, we reverse the order of the Fayette Circuit Court granting summary judgment in favor of Appellee. *Scifres*, *supra*. Appellants are entitled to summary judgment, as Gladden's dispute constituted a grievance as

defined by the CBA, and no response was made by Appellee within 10 days as required by the agreement.  On remand, the Fayette Circuit Court shall enter summary judgment in favor of Appellants, order the destruction of all evidence obtained in the interview, and award costs and attorney fees, if any.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Scott A. Crosbie
Nicholas A. Oleson
Lexington, Kentucky

BRIEF FOR APPELLEE:

J. Todd Henning
Lexington, Kentucky